# CHEE SHEAT LI and C. KIN FONG vs. THE STEAMSHIP "GAELIC."

## December 15, 1903.

*Admiralty.—Lien:* Contracts and torts of the master and owner, including freighting contracts, create a lien on the vessel.

*Same.—Pleading.—Torts:* Words of a libel charging assault on a passenger will not neutralize words clearly bringing the case within the class of maritime torts.

*Same.—Joinder of Causes of Action:* Causes of action arising *ex contractu* and *ex delicto* may be joined in one libel, where the causes are so connected that the same evidence will apply to all.

*Same.—Ship's Liability for Acts of Subordinate Officers:* Acts of subordinate officers which are not in the line of their regular duties, should be connected by proper averments with the master's authority to make the ship liable.

*Same.—Pleading:* Allegations that the vessel entered into a contract and failed to perform it, not fatal, though unusual.

In Admiralty: Exceptions to Libel *in Rem.*

Lyle A. Dickey, Proctor for Libellants.
Kinney, McClanahan & Cooper, Proctors for Libellee.

DOLE, J.   Exceptions are taken to the libel on the grounds:

1.   That no maritime lien has been shown upon which to base an action *in rem* against the vessel;

2.   That the libel sets up a personal and not a maritime tort;

3.   That it does not appear that the ship's surgeon and purser were acting for the master or in the ordinary exercise of their duties as such officers in doing the acts complained of;

4.   That no freighting contract is alleged, the breach of which would render the vessel liable *in rem*;

5.   That there is a misjoinder of actions *ex contractu* and *ex delicto*;

6.   That the facts on which the libellants seek to charge said vessel are insufficient to so charge it, in that the said vessel was incapable of doing the acts and things charged against it;

7.   That respondent cannot be charged on the facts stated, in that the acts and things set forth are stated to have been done by the said vessel and not by this respondent, and generally

8.   That the libel does not state sufficient facts to constitute a cause of action, and that it appears from the libel that this court is without jurisdiction to hear and determine this cause under any law or statute now in force in the United States or this District, and that the same is uncertain, ambiguous and unintelligible.

In regard to the first and fourth exceptions, the contracts and torts of the master and owners are in numerous cases, including contracts of affreightment, a lien on the vessel.   It is admitted that a contract to carry passengers is a freighting contract.   The second allegation is a complete answer to the fourth exception.

In support of the second exception, it is contended that the acts complained of amount to a trespass on the libellants as if

it was charged that they were removed from their state-room by force and arms. Even if the words of the libel include an assault, it is a mere circumstance, the libel also complaining of the failure on the part of the vessel to carry out the agreement under which the libellants started on the voyage, the resulting loss of baggage and the injury to the feelings of the respondents, physical suffering and humiliation caused by their removal from their state-room to the steerage. These allegations clearly bring the case within the class of maritime torts so far as they charge tortious action on the part of the ship.

As to the contention of the fifth exception, that there is a misjoinder of actions *ex contractu* and *ex delicto,* the authorities clearly recognize the right of parties to join in one libel causes of action arising *ex contractu* and *ex delicto* where such causes are so united that the same evidence will apply to all, which is evidently the status of the case before the court.

The case of *Borden v. Hiern, et al.,* 3 Fed. Cas. 897, No. 1655, allowing this practice, is quoted with approval in *1 Cyclopedia of Law and Procedure,* 849, and the rule adopted not only as a right but as a duty of parties.

The third exception must be allowed. The master represents the ship and is in entire control. Acts of the ship's subordinate officers which are not in the line of their obvious and regular duties should be connected by proper averments with the master's authority to make the ship liable.

The sixth and seventh exceptions are based substantially on the same quality of pleading, to-wit: that the libel alleges that the vessel entered into this contract with the libellants and the vessel failed to perform it, and that the owner cannot be made liable upon such allegations. This manner of pleading is unusual, and though probably not fatal, should be amended.

The general exceptions under number eight are overruled.

The libellants may have until December 19th, 1903, to amend their libel.